# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIEL ARAGON,<br><br>                           Plaintiff,<br><br>v.<br><br>EXPERIAN DATA CORPORATION,<br><br>                           Defendant. | Case No. 25-cv-0814-BAS-SBC<br><br>**ORDER:**<br>**1. GRANTING MOTION FOR LEAVE TO PROCEED** *IN FORMA PAUPERIS* **(ECF No. 2),**<br><br>**2. SCREENING COMPLAINT (ECF No. 1),**<br><br>**3. GRANTING MOTION FOR LEAVE TO FILE ELECTRONICALLY (ECF No. 3),**<br><br>**4. SEALING EXHIBITS TO THE COMPLAINT** |

      Plaintiff Daniel Aragon files this action in federal court claiming numerous violations of the Fair Credit Reporting Act, California's Unfair Competition Law, and negligent infliction of emotional distress against Defendant Experian Information

Solutions, Inc.[1] Aragon requests *in forma pauperis* ("IFP") status (ECF No. 2) and asks for permission to file documents electronically (ECF No. 3).

## I. ANALYSIS

### A. Request to Proceed IFP

All parties instituting any civil action, suit, or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee. *See* 28 U.S.C. § 1914(a). A complaint filed by a plaintiff proceeding IFP is subject to screening under 28 U.S.C. § 1915(e)(2). *Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2001) (per curiam). This provision requires the court to review the complaint and dismiss the action if it: "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2).

Under 28 U.S.C. § 1915, indigency is the benchmark for whether a plaintiff may proceed IFP. The determination of indigency falls within the district court's sound discretion. *See Cal. Men's Colony v. Rowland*, 939 F.2d 854, 858 (9th Cir. 1991) (holding that "[s]ection 1915 typically requires the reviewing court to exercise its sound discretion in determining whether the affiant has satisfied the statute's requirement of indigency"), *rev'd on other grounds*, 506 U.S. 194 (1993). A party need not be completely destitute to satisfy the IFP indigency threshold. *See Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339–40 (1948). To qualify for IFP status, "an affidavit is sufficient which states that one cannot because of his poverty pay or give security for the costs . . . and still be able to provide himself and dependents with the necessities of life." *Id.* at 339. However, "care must be employed to assure that federal funds are not squandered to underwrite, at public expense, . . . the remonstrances of a suitor who is financially able, in whole or in

---

[1] Aragon names "Experian Data Corporation" as the defendant in the Complaint (ECF No. 1), but Experian has since informed the Court that it is appropriately identified as "Experian Information Solutions, Inc." (ECF No. 6). Plaintiff may correct this mistake by using the appropriate name if and when he amends his Complaint. Fed. R. Civ. P. 15(c)(1)(C).

1  material part, to pull his own oar." *Temple v. Ellerthorpe*, 586 F. Supp. 848, 850 (D.R.I. 1984). District courts, therefore, tend to reject IFP applications where the applicant can pay the filing fee with acceptable sacrifice to other expenses. *See Skylar v. Saul*, No. 19-CV-1581-NLS, 2019 WL 4039650, at *3 (S.D. Cal. Aug. 27, 2019).

Aragon lists income of $3,007–$4,150 a month. He lists monthly expenses of $5,038. (ECF No. 2.) Thus, this Court **GRANTS** his request to proceed IFP.

### B. *Sua Sponte* Screening

Under 28 U.S.C. § 1915(e)(2)(B), courts must *sua sponte* dismiss IFP complaints, or any portions thereof, which are frivolous, malicious, fail to state a claim, or which seek damages from defendants who are immune. 28 U.S.C. § 1915(e)(2)(B); *see Lopez v. Smith*, 203 F.3d 1122, 1126–27 (9th Cir. 2000) (en banc) ("[S]ection 1915(e) not only permits but requires a district court to dismiss an [IFP] complaint that fails to state a claim."); *Chavez v. Robinson*, 817 F.3d 1162, 1167–68 (9th Cir. 2016) (noting that § 1915(e)(2)(B) "mandates dismissal—even if dismissal comes before the defendants are served"), *as amended on reh'g* (Apr. 15, 2016). "[T]he provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to [complaints filed by] prisoners," but extend to all IFP pleadings. *Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2001) (per curiam).

"The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim." *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). Rule 12(b)(6) requires a complaint to "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

First, this Court has subject-matter jurisdiction over this action pursuant to federal question jurisdiction and supplemental jurisdiction. 28 U.S.C. §§ 1331, 1367(a). Venue is

also proper pursuant to 28 U.S.C. § 1391. The Court now turns to the substance of Plaintiff's claims.

In his Complaint, Plaintiff alleges that, from December 2022 until December 2023, Defendant negligently and willfully violated the Fair Credit Reporting Act ("FCRA"). Inaccuracies in his credit report have negatively affected his credit score, which has led to him being denied credit opportunities. Accordingly, Plaintiff requests injunctive relief, compensatory damages, and punitive damages under the FCRA, the California Unfair Competition Law ("UCL"), and negligent infliction of emotional distress.

### 1.     Fair Credit Reporting Act (Claims I – VI)

Aragon brings claims under two sections of the FCRA and therefore the Court analyzes Plaintiff's claims as they relate to violations of these two sections of the FCRA.

The FCRA was enacted "to ensure fair and accurate credit reporting, promote efficiency in the banking system, and protect consumer privacy." *Gorman v. Wolpoff & Abramson, LLP*, 584 F.3d 1147, 1153 (9th Cir. 2009) (quoting *Safeco Ins. Co. of Am. v. Burr*, 551 U.S. 47, 52 (2007)). The statute prohibits the inclusion of certain information in consumer credit reports and mandates procedural safeguards. 15 U.S.C. §§ 1681c-1(a)(1), 1681i(a). For instance, "[u]nder § 1681i of the FCRA, a [credit reporting agency] must conduct a reasonable reinvestigation when a consumer disputes the accuracy of her credit report and she contacts the [credit reporting agency] directly with her dispute." *Hamm v. Equifax Info. Servs. LLC*, No. CV-17-03821-PHX-JJT, 2018 WL 3548759, at *4 (D. Ariz. July 24, 2018).

The FCRA provides for private causes of action for negligent and willful noncompliance with these requirements. 15 U.S.C. §§ 1681n, 1681o. "For the purpose of a motion to dismiss, courts have held that a plaintiff states a claim under § 1681i when she alleges: (1) that her credit report contained an inaccuracy; (2) that she notified the [credit reporting agency] of her dispute and requested a reinvestigation; and (3) that the [credit reporting agency] did not remove the inaccuracy." *Hamm*, 2018 WL 3548759, at *4. To successfully allege a claim under Section 1681e a plaintiff must allege that (1) an

inaccuracy existed on his credit report (2) as the result of unreasonable procedures on the defendant's part (3) that caused him cognizable harm. *Guimond v. Trans Union Credit Info. Co.*, 45 F.3d 1329, 1333 (9th Cir. 1995). Courts have concluded that "general allegations are sufficient to maintain a claim for willful violations of the FCRA." *Barrios v. Equifax Information Services, LLC*, No. CV 19-5009 PSG (JEMx), 2019 WL 7905897, at *5–6 (C.D. Cal. Oct. 28, 2019) (collecting cases).

Here, Plaintiff adequately pleads the elements of his two FCRA claims under Sections 1681e and 1681i as well as Defendant's willfulness. He alleges Defendant listed incorrect information in his credit report that detrimentally affected his credit score. (ECF No. 1 ¶¶ 6, 12, 17, 18, 28, 30, 32, 34; ECF No. 1-5, Ex. M.) Namely, in his credit report, he noticed trade lines and credit accounts that do not belong to him. (ECF No. 1 ¶¶ 6, 10–13, 15, 18, 31, 33.) Plaintiff then attempted to communicate with Defendant to dispute these inaccuracies. (ECF No. 1 ¶¶ 10, 11.) While Experian responded to some of Plaintiff's disputes, it did not respond to all of them (*id.*), and it did not always resolve disputes within the time period mandated by statute, 15 U.S.C. § 1681i(a)(1)(A). Further, it improperly removed at least one item from Aragon's credit report that should have remained. (ECF No. 1 ¶¶ 17, 31.) Despite disputing these issues, many of the inaccuracies in Aragon's credit report persisted. (ECF No. 1-3, Ex. F; ECF No. 1-4, Exs. G, L.) These allegations satisfy the elements of Section 1681i and 1681e claims. In addition, Plaintiff's general allegations of willfulness are sufficient at the pleading stage. *See Hamm*, 2018 WL 3548759, at *5 ("Because Plaintiff may allege conditions of the mind generally, Plaintiff's allegations are sufficient to survive Defendant's [motion to dismiss]."). Thus, the Complaint plausibly alleges these FCRA claims sufficient to meet the "low threshold" for proceeding past screening. *See Wilhelm v. Rotman*, 680 F.3d 1113, 1123 (9th Cir. 2012).

### 2.   California's Unfair Competition Law (Claim VII)

To state a UCL claim, "a plaintiff must show either an (1) unlawful, unfair, or fraudulent business act or practice, or (2) unfair, deceptive, untrue or misleading advertising." *Lippitt v. Raymond James Fin. Servs. Inc.*, 340 F.3d 1033, 1043 (9th Cir.

2003), *as amended* (Sept. 22, 2003). "Because the UCL is written in the disjunctive, it establishes three varieties of unfair competition—acts or practices which are unlawful, or unfair, or fraudulent." *Letizia v. Facebook Inc.*, 267 F. Supp. 3d 1235, 1243 (N.D. Cal. 2017) (citation modified).

Because Plaintiff already states claims that Defendant has violated the FCRA, Plaintiff has successfully pled at least the unlawfulness prong of the UCL, and this claim thus survives screening.

### 3.     Negligent Infliction of Emotional Distress (Claim VIII)

Plaintiff has not alleged facts to meet the elements of a negligent infliction of emotional distress claim. A claim for negligent infliction of emotional distress is "not an independent tort but is the tort of negligence." *Marlene F. v. Affiliated Psychiatric Med. Clinic, Inc.*, 48 Cal. 3d 583, 588 (1989) (citation omitted). Thus, a claim for negligent infliction of emotional distress requires the plaintiff to establish the traditional elements of duty, breach of duty, causation, and damages, as well as show that he or she has suffered "serious" emotional distress. *Wong v. Jing*, 117 Cal. Rptr. 3d 747, 767–68 (Cal. Ct. App. 2010). Plaintiff does not allege these elements in his Complaint and therefore this claim is **DISMISSED** without prejudice.

### C.     Motion for Leave to File Electronically

Since Aragon represents that he has the proper equipment to file electronically, and he agrees to follow all rules and policies in the CM/ECF Administrative Policies and Procedures Manual (*see* ECF No. 3), the Motion for Leave to File Electronically is **GRANTED**.

### D.     *Sua Sponte* Sealing

Plaintiff attached a number of exhibits containing personally identifiable information to his Complaint. (ECF Nos. 1-3, 1-4.) The Southern District of California Electronic Case Filing Administrative Policies and Procedures Manual requires parties redact "social security numbers, the names of minor children, dates of birth, [and] financial account numbers." Section 1.h. Plaintiff subsequently filed redacted versions of these

exhibits on the docket. (ECF No. 5.) Because the exhibits as attached to the Complaint contain financial account numbers and other sensitive information, the Court *sua sponte* **SEALS** them. Should Plaintiff seek to redact such sensitive information in the future, he should file the required Motion to Seal as discussed in this Court's Standing Order for Civil Cases, Section 5.A.

## II. CONCLUSION

In light of the foregoing, the Court:

1) **GRANTS** Plaintiff's application to proceed IFP. (ECF No. 2.)

2) **DISMISSES with leave to amend** Aragon's claim for negligent infliction of emotional distress. All other claims survive screening. Any amended complaint must be filed **no later than July 2, 2025**. The Court notes that this amended complaint will "supersede the original." *Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1546 (9th Cir. 1989) (citation modified). So, any amended complaint "must be complete in itself without reference to the superseded pleading." CivLR 15.1(a).

3) **GRANTS** Plaintiff's Motion for Leave to File Electronically (ECF No. 3). Plaintiff must register as a user with the Clerk's Office and as a subscriber to PACER **within ten days of this Order**.

4) **SEALS** the exhibits to Plaintiff's Complaint at ECF numbers 1-3 and 1-4.

IT IS SO ORDERED.

DATED: June 4, 2025

Hon. Cynthia Bashant, Chief Judge
United States District Court