# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIEL ARAGON,<br><br>                Plaintiff,<br><br>  v.<br><br>EXPERIAN INFORMATION SOLUTIONS, INC.,<br><br>                Defendant. | Case No. 25-cv-0814-BAS-SBC<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO SET ASIDE DEFAULT JUDGMENT (ECF No. 17)** |

Presently before the Court is Defendant Experian Information Solutions, Inc.'s motion to set aside default judgment and extend time for a responsive pleading. (ECF No. 17.) The Court finds this Motion suitable for determination on the papers submitted. *See* Fed. R. Civ. P. 78(b); Civ. L.R. 7.1(d)(1). For the following reasons, the Court **GRANTS** Defendant's motion to aside default judgment.

## I.  BACKGROUND

On October 6, 2025, the Clerk of Court issued a summons for Plaintiff Daniel Aragon's first amended complaint. (ECF No. 12.) Plaintiff returned the executed summons on October 27, 2025. (ECF No. 13.) On November 13, 2025, Plaintiff requested an entry of default against Defendant, which the Clerk of Court issued. (ECF Nos. 14, 15.) Shortly

thereafter, Plaintiff filed a motion for default judgment. (ECF No. 16.) That same day, Defendant filed a motion to set aside default and extend time for a responsive pleading. (ECF No. 17.) Plaintiff responded in opposition. (ECF No. 18.) Defendant then filed an answer to Plaintiff's amended complaint. (ECF No. 19.) Plaintiff submitted a motion to strike Defendant's answer. (ECF No. 20.)

## II.     ANALYSIS

Failure to defend a properly served complaint allows entry of default. Fed. R. Civ. P. 55(a). But under Rule 55(c), the court "may set aside an entry of default for good cause." Fed. R. Civ. P. 55(c).

The court's good cause analysis considers the three "Falk factors": "(1) whether the plaintiff will be prejudiced, (2) whether the defendant has a meritorious defense, and (3) whether culpable conduct of the defendant led to the default." *Brandt v. Am. Bankers Ins. Co. of Fla.*, 653 F.3d 1108, 1111 (9th Cir. 2011) (quoting *Falk v. Allen*, 739 F.2d 461, 463 (9th Cir. 1984)).

"Where timely relief is sought from a default . . . doubt, if any, should be resolved in favor of the motion to set aside the [default] so that cases may be decided on their merits." *Mendoza v. Wight Vineyard Mgmt.*, 783 F.2d 941, 945–46 (9th Cir. 1986) (quotation omitted); *see also Falk*, 739 F.2d at 463 ("[J]udgment by default is a drastic step appropriate only in extreme circumstances; a case should, whenever possible, be decided on the merits.").

The "party seeking to vacate a default judgment bears the burden of demonstrating that these factors favor vacating the judgment." *TCI Grp. Life Ins. Plan v. Knoebber*, 244 F.3d 691, 696 (9th Cir. 2001) (overruled on other grounds by *Egelhoff v. Egelhoff ex rel. Breiner*, 532 U.S. 141 (2001)).

Here, Defendant's failure to timely reply was due to a federal holiday and error by counsel and counsel's staff. Defendant's deadline to respond to the first amended complaint fell on November 11, 2025, which coincided with the federal holiday Veteran's Day. (Mot. ¶ 7, ECF No. 17.) Defendant further alleges that its lead counsel fell ill on November 10,

2025, and that a paralegal was absent. (Mot. ¶ 8.) This delay does not rise to the level of culpable conduct. As discussed in Plaintiff's opposition, the Court acknowledges that Experian is a corporation, but even so, Plaintiff will not be hindered from pursuing his claim. This case is just beginning. As Plaintiff's brief recognizes, a prejudicial setting aside of an entry of default judgment "must result in greater harm than simply delaying resolution." (Opp'n 3:7–10, ECF No. 18.) Given the lack of prejudice, early stage of the litigation, and preference to decide cases on the merits, the Court grants the motion to set aside default judgment.

## III. CONCLUSION

Accordingly, the Court **GRANTS** Defendant's motion to set aside default judgement. (ECF No. 17.) <u>The Court directs the Clerk of Court to withdraw the entry of default.</u> The Court further **TERMINATES AS MOOT** Defendant's motion to extend time, given that Defendant preemptively filed its answer. (ECF Nos. 17, 19.) The Court also **TERMINATES AS MOOT** Plaintiff's motion to strike Defendant's answer. (ECF No. 20.)

**IT IS SO ORDERED.**

**DATED: November 25, 2025**

**Hon. Cynthia Bashant, Chief Judge**
**United States District Court**