UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIEL ARAGON,<br><br>                              Plaintiff,<br><br>v.<br><br>EXPERIAN INFORMATION<br>SOLUTIONS, INC.,<br><br>                              Defendant. | Case No.: 3:25-cv-0814-BAS-SBC<br><br>**ORDER GRANTING IN PART AND DENYING IN PART THE MOTION TO STAY PROCEEDINGS OR, IN THE ALTERNATIVE, CONTINUE THE EARLY NEUTRAL EVALUATION**<br><br>**[Dkt. No. 30]** |

Before the Court is Defendant's February 18, 2026, Motion to Stay Proceedings or, in the Alternative, Continue the Early Neutral Evaluation (hereafter "Motion") (Dkt. No. 30) and Plaintiff's Response in Opposition (hereafter "Opposition") (Dkt. No. 31). The Motion seeks to continue the Early Neutral Evaluation ("ENE") currently set for February 26, 2026, at 02:00 PM before United States Magistrate Judge Steve B. Chu. (*See* Dkt. No. 28). After duly considering the submissions, the Motion is **GRANTED IN PART** and **DENIED IN PART** for the reasons set forth below.

Parties seeking to continue an ENE must demonstrate good cause. (Dkt. No. 22 at 3-4 (Counsel must file a motion "setting forth good cause for the request"); *see also* Fed. R. Civ. P. 6(b) ("[w]hen an act may or must be done within a specified time, the court may, for good cause, extend the time"). Courts have broad discretion in determining whether

3:25-cv-0814-BAS-SBC

there is good cause. *See, e.g.*, *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 607 (9th Cir. 1992); *Olvera v. Citibank, N.A.*, No. 25-cv-789-H-AHG, 2025 U.S. Dist. LEXIS 117769, at *2, *4-*5 (S.D. Cal. June 19, 2025). "Good cause" is a non-rigorous standard that has been construed broadly across procedural and statutory contexts. *Ahanchian v. Xenon Pictures, Inc.*, 624 F.3d 1253, 1259 (9th Cir. 2010).

Here, Defendant represents to the Court that (1) they are unavailable to attend the scheduled ENE and (2) a Motion for Judgment on the Pleadings is currently pending (Dkt. No. 29), the resolution of which may narrow or clarify the issues for purposes of settlement discussions. Plaintiff argues that further delay will result in prejudice (Dkt. No. 31 at 2). The Court acknowledges Plaintiff's concern. However, an ENE is intended to facilitate meaningful settlement discussions, which requires the participation of counsel fully prepared and authorized to engage in resolution efforts. Conducting the ENE without such participation would undermine its purpose and expend judicial resources inefficiently.

Moreover, the resolution of the pending Motion for Judgment on the Pleadings may materially affect the scope of the claims and defenses at issue. Allowing the Court to address that motion before the ENE will better situate the parties to evaluate their respective positions and engage in informed settlement discussions. Under these circumstances, the Court finds that Defendant has demonstrated good cause to continue the ENE.

The Court, however, finds no basis to stay the proceedings in their entirety. A stay of proceedings is an extraordinary remedy that is not granted as a matter of course. Defendant has not shown that continuing to litigate this action pending resolution of the Motion for Judgment on the Pleadings would impose undue hardship, risk inconsistent rulings, or otherwise prejudice the orderly administration of the case. Nor has Defendant demonstrated that a stay would promote judicial economy beyond the limited scheduling adjustment already addressed. Accordingly, the request to stay proceedings is **DENIED**.

///

///

3:25-cv-0814-BAS-SBC

Accordingly, the Court **GRANTS IN PART** and **DENIES IN PART** the Motion. The Court continues the ENE until **April 8, 2026**, at **10:00 AM**. If the case does not settle, the Court will move into the Case Management Conference at that time. The parties must comply with all of the requirements set forth in the Court's December 02, 2025, Notice and Order for Early Neutral Evaluation Conference and Case Management Conference (Dkt. No. 22) prior to that ENE.

**IT IS SO ORDERED.**

Dated: February 20, 2026

Hon. Steve B. Chu
United States Magistrate Judge

3:25-cv-0814-BAS-SBC