**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| DANIEL ARAGON,<br><br>                    Plaintiff,<br><br>v.<br><br>EXPERIAN INFORMATION<br>SOLUTIONS, INC.,<br><br>                    Defendant. | ) Case No. 25-cv-00814-BAS-SBC<br>)<br>) **ORDER GRANTING DEFENDANT'S**<br>) **MOTION FOR JUDGMENT ON**<br>) **THE PLEADINGS AND DENYING**<br>) **PLAINTIFF'S MOTION FOR LEAVE**<br>) **TO FILE A SECOND AMENDED**<br>) **COMPLAINT**<br>)<br>) **(ECF Nos. 29 & 33)**<br>) |

## I.    INTRODUCTION

Before the Court are two motions.  Defendant Experian Information Solutions, Inc. ("Experian") moves for judgment on the pleadings, contending that the claims of Plaintiff Daniel Aragon ("Plaintiff") are barred by res judicata in light of the settlement and judgment entered in the San Diego Superior Court.  (ECF No. 29.)  Plaintiff opposes that motion and separately moves for leave to file a Second Amended and Supplemental Complaint under Federal Rule of Civil Procedure 15(a)(2) and 15(d).  (ECF No. 33.) Experian opposes the motion to amend as futile, arguing that the proposed claims are barred by the same preclusion principles.

-1-

The Court finds these motions suitable for determination on the papers submitted and without oral argument. *See* Fed. R. Civ. P. 78(b); CivLR 7.1(d)(1). For the reasons set forth below, the Court **GRANTS** Experian's motion for judgment on the pleadings and **DENIES** Plaintiff's motion for leave to amend as futile.

## II. FACTUAL BACKGROUND

Plaintiff brings this action against Experian, a consumer credit reporting agency. (ECF No. 1.) In March 2024, Plaintiff submitted disputes to Experian concerning accounts he attributed to identity theft. (*Id.* at 5.) In January 2025, a Wells Fargo credit card account and a Wells Fargo auto loan were removed from Plaintiff's Experian credit report. (ECF No. 35 at 9.) Plaintiff contends that the removal of the auto loan contributed to the denial of a refinance application. (*Id.*)

On July 31, 2025, Plaintiff and Experian executed a settlement agreement resolving *Daniel Aragon v. Experian Data Corp.*, San Diego Superior Court, Small Claims Division, Case No. 25SC00269C. (ECF No. 35-3 at 54, Ex. T.) Experian agreed to pay $3,500 and to modify the Wells Fargo auto loan tradeline by changing certain "30 days late" notations to "ND" or "No Data." (*Id.*) The stipulation provided that the settlement was final and that the entire case was disposed of. (*See* RJN, Ex. 2, ECF No. 29-3.) The small claims court entered judgment on the settlement on November 25, 2025. (*See* RJN, Ex. 3, ECF No. 29-1 at 2.)

Experian placed Plaintiff's credit file in an "offline" status, rendering the file inaccessible to Plaintiff and to third-party lenders. (ECF No. 35-2 at 84, Ex. F.) On September 29, 2025, Plaintiff initiated a second small claims lawsuit, Case No. 25SC04553C, claiming that Experian obstructed his access to his credit report. (ECF No. 38 at 6.) The small claims division of the San Diego Superior Court determined that Experian removed Plaintiff's credit file on August 12, 2025, without providing any disclosure, and awarded $200 in damages plus $125 in costs. (ECF No. 41 at 57, Ex. NN.) On February 12, 2026, Experian filed a Notice of Compliance in Case No. 25SC00269C. (ECF No. 29 at 5; *see* RJN, Ex. 5, ECF No. 29-6.)

25cv0814

Plaintiff's federal Complaint seeks monetary damages in excess of $250,000. (ECF No. 9 at 7.)  Experian seeks judgment on the pleadings, arguing res judicata applies due to the earlier small claims judgments and the settlement in Case No. 25SC00269C.  Plaintiff seeks leave to file a second amended complaint under Federal Rule of Civil Procedure 15(a)(2) and 15(d).  His proposed amended pleading asserts claims for (1) violations of the Fair Credit Reporting Act, (2) California's unfair competition law ("UCL"), and (3) negligent infliction of emotional distress. (ECF No. 33-1 at 19–20.)  Plaintiff also aims to correct Defendant's name and include newly discovered facts and alleged ongoing conduct by Experian.   (ECF No. 33-1 at 6, Ex. A.)   These newly discovered facts are "Experian's . . . taking Plaintiff's credit file offline in retaliation for filing this lawsuit . . . ."  (ECF No. 33-1 at ¶ 47.)  Experian opposes the motion to amend on futility grounds, asserting the res judicata defense.

## III.   LEGAL STANDARDS

### A.   Judgment on the Pleadings

"After the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings."  Fed. R. Civ. P. 12(c).  "[T]he same standard of review applicable to a Rule 12(b) motion applies to its Rule 12(c) analog," because the motions are "functionally identical."  *Dworkin v. Hustler Mag., Inc.*, 867 F.2d 1188, 1192 (9th Cir. 1989).  A Rule 12(c) motion may thus be predicated on either (1) the lack of a cognizable legal theory or (2) insufficient facts to support a cognizable legal claim. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).  When considering a motion to dismiss under Rule 12(c), the court "must accept all factual allegations in the complaint as true and construe them in the light most favorable to the non-moving party." *Fleming v. Pickard*, 581 F.3d 922, 925 (9th Cir. 2009).  "[A] judgment on the pleadings is appropriate when, even if all allegations in the complaint are true, the moving party is entitled to judgment as a matter of law."  *Westlands Water Dist. v. Firebaugh Canal*, 10 F.3d 667, 670 (9th Cir. 1993).

25cv0814

Although a court generally is confined to the pleadings on a Rule 12(b) motion, "[a] court may, however, consider certain materials—documents attached to the complaint, documents incorporated by reference in the complaint, or matters of judicial notice—without converting the motion to dismiss into a motion for summary judgment." *United States v. Ritchie,* 342 F.3d 903, 908 (9th Cir. 2003). The Ninth Circuit has "extended the 'incorporation by reference' doctrine to situations in which the plaintiff's claim depends on the contents of a document, the defendant attaches the document to its motion to dismiss, and the parties do not dispute the authenticity of the document, even though the plaintiff does not explicitly allege the contents of that document in the complaint." *Knievel v. ESPN*, 393 F.3d 1068, 1076 (9th Cir. 2005). "The Supreme Court has instructed the federal courts to liberally construe the 'inartful pleading' of *pro se* litigants [. . .] 'It is settled law that the allegations [in a *pro se* complaint,] 'however inartfully pleaded'[,] are held 'to less stringent standards than formal pleadings drafted by lawyers. . . .'"" *Eldridge v. Block*, 832 F.2d 1132, 1137 (9th Cir. 1987) (internal citations and quotations omitted); *see Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam); *Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000); *Boag v. MacDougall*, 454 U.S. 364 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam); *Hamilton v. Brown*, 630 F.3d 889, 893 (9th Cir. 2011).

If a court dismisses a complaint, it should give leave to amend unless the "pleading could not possibly be cured by the allegation of other facts." *United States v. United Healthcare Ins. Co.*, 848 F.3d 1161, 1182 (9th Cir. 2016) (quotation marks omitted). But "leave to amend may be denied when a plaintiff has demonstrated a 'repeated failure to cure deficiencies by amendments previously allowed.'" *Id*. at 1183 (quoting *Eminence Cap. LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003)).

**B.    Res Judicata**

Under California law, "[r]*es judicata*, also known as claim preclusion, bars litigation in a subsequent action of any claims that were raised or could have been raised in the prior action." *Western Radio Servs. Co. v. Glickman*, 123 F.3d 1189, 1192 (9th Cir. 1997). The prerequisite elements for res judicata are: "(1) A claim or issue raised in the present action

is identical to a claim or issue litigated in a prior proceeding; (2) the prior proceeding resulted in a final judgment on the merits; and (3) the party against whom the doctrine is being asserted was a party or in privity with a party to the prior proceeding." *Boeken v. Philip Morris USA, Inc.*, 48 Cal. 4th 788, 797 (2010).  Further, California Code of Civil Procedure § 116.710 states that a "plaintiff in a small claims action shall have no right to appeal the judgment on the plaintiff's claim . . . ."

Judicially noticeable documents may support dismissal on res judicata grounds.  "To determine whether to grant a motion to dismiss on *res judicata* grounds, judicial notice may be taken of a prior judgment and other court records." *Quinto v. JPMorgan Chase Bank*, No. 11-CV-02920-LHK, 2011 WL 6002599, at *5 (N.D. Cal. Nov. 30, 2011) (citing *Holder v. Holder*, 305 F.3d 854, 866 (9th Cir. 2002)).

## IV.    ANALYSIS

### A.    Judicial Notice

Before turning to the merits of Experian's res judicata defense, the Court addresses Experian's Request for Judicial Notice.  (ECF No. 29-1.)  Experian requests that the Court take judicial notice of five records from *Daniel Aragon v. Experian Data Corporation,* San Diego Superior Court, Small Claims Division, Case No. 25SC00269C:

(1)    the Complaint file January 21, 2025 (Ex. 1);

(2)    the Stipulation and Order Re: Settlement filed July 31, 2025 (Ex. 2);

(3)    the Notice of Entry of Judgment filed November 25, 2025 (Ex. 3);

(4)    the Amended Notice of Entry of Judgment filed January 15, 2026 (Ex. 4); and

(5)    Experian's Notice of Compliance filed February 12, 2026 (Ex. 5).

Federal Rule of Evidence 201(b) permits a court to take judicial notice of adjudicative facts that are not subject to reasonable dispute because they are capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned.  The Ninth Circuit has confirmed that a court "may take judicial notice of undisputed matters of public record [. . .], including documents on file in federal or state courts." *Harris v. County of Orange,* 682 F.3d 1126, 1132 (9th Cir. 2012).  Courts in this

25cv0814

Circuit have applied this principle when assessing a res judicata defense based on prior court records. *Quinto*, 2011 WL 6002599, at *5 (citing *Holder v. Holder*, 305 F.3d 854, 866 (9th Cir. 2002).

The requested exhibits are records from the Superior Court of California, County of San Diego, and their authenticity is not contested. Accordingly, the Court **GRANTS** Experian's Request for Judicial Notice and takes judicial notice of the existence, filing dates, and legal effect of these records. For the same reasons, the Court also takes judicial notice of the second complaint filed on September 29, 2025 (ECF No. 40 at 2, Ex. A) in Case No. 25SC04553C, and of a related action referenced in Plaintiff's filings and in the Notice of Entry of Judgment (*Id.* at Ex. B). The Court, however, does not take notice of the truth of any disputed factual assertions contained within any of these documents.

**B.   Res Judicata**

In California, the doctrine of res judicata, which gives "certain *conclusive effect* to a *former judgment* in subsequent litigation involving the same controversy," has two aspects:

> In its primary aspect, commonly known as claim preclusion, it operates as a bar to the maintenance of a second suit between the same parties on the same cause of action. In its secondary aspect, commonly known as collateral estoppel, the prior judgment operates in a second suit based on a different cause of action as an estoppel or conclusive adjudication as to such issues in the second action as were actually litigated and determined in the first.

*Boeken*, 48 Cal. 4th at 797 (quoting *People v. Barragan*, 32 Cal. 4th 236, 252-53 (2004)) (internal citations and quotation marks omitted). The tests for claim preclusion and collateral estoppel share the same elements: "(1) A claim or issue raised in the present action is identical to a claim or issue litigated in a prior proceeding; (2) the prior proceeding resulted in a final judgment on the merits; and (3) the party against whom the doctrine is being asserted was a party or in privity with a party to the prior proceeding." *Id.* A defendant may raise the affirmative defense of res judicata by way of a motion to dismiss under Rule 12(b)(6) where there are no disputed issues of fact. *See Scott v. Kuhlmann*, 746 F.2d 1377, 1378 (9th Cir. 1984) (per curiam).

25cv0814

Experian argues that all aspects of res judicata are met, preventing the Plaintiff's federal claims from proceeding. The Court addresses, in turn, the identity of the claims, the finality of the prior judgment, and the identity of the parties.

### 1. Identity of Claims

Plaintiff argues that the claims in his federal Complaint differ from those litigated in small claims court because the federal action arises under the Fair Credit Reporting Act ("FCRA") rather than the California Consumer Credit Reporting Agencies Act ("CCRAA"). (ECF No. 33 at 5; ECF No. 33-1 at 8.) However, the Ninth Circuit has explained that, under California law, that distinction does not prevent preclusion. "[A] claim arises from the harm suffered, as opposed to the particular theory of the litigant. Even when multiple legal theories for recovery exist, one injury gives rise to only one claim for relief." *Peterson v. Highland Music, Inc.*, 140 F.3d 1313, 1322 (9th Cir. 1998) (citation omitted). What matters is the identity of the underlying claim, not the identity of the legal theory of the relief sought.

Here, the harms alleged in the federal Complaint mirror those in the small claims action. Plaintiff alleges in both proceedings that Experian's reporting "lower[ed] [his] credit score" (ECF No. 1 at 13; Small Claims Compl. at 13:9); cost him a "substantial amount of time and money" (ECF No. 1 ¶ 19; Small Claims Compl. at 13:16); and "denied credit he would otherwise be entitled to" (ECF No. 1 ¶ 23; Small Claims Compl. at 14:8). Plaintiff's federal Complaint also references injury to his reputation (ECF No. 1 ¶ 23), but the pleaded reputational harm is tethered to his creditworthiness and does not identify an injury distinct from those already litigated and settled. (ECF No. 29-6 at 28, Ex. A.) As other courts have recognized, the addition of related harms "does not change the fact that Plaintiff's claims are predicated on the very same facts that formed the basis of his small claims court actions, nor does it undermine the preclusive effect of the small claims court's judgment." *Sommer v. City of Redondo Beach*, No. 2:18-CV-08896-SJO-FFM, 2019 WL 2970835, at *4 (C.D. Cal. Mar. 12, 2019) (citations omitted) (citing *Pitzen v. Superior Ct.*,

25cv0814

120 Cal. App. 4th 1374, 1381 (2004)); *see also Allstate Ins. Co. v. Mel Rapton, Inc.*, 77 Cal. App. 4th 901, 907-08 (2000).

Claim preclusion applies to both the legal theories that were actually pursued and those that could have been pursued. "Claim preclusion 'prevents litigation of all grounds for, or defenses to, recovery that were previously available to the parties, regardless of whether they were asserted or determined in the prior proceeding.'" *Am. Fabrics, Inc. v. L&L Textiles, Inc.*, 754 F.2d 1524, 1529 (9th Cir. 1985) (citing *Brown v. Felsen*, 442 U.S. 127, 131 (1979)); *see also Gray v. La Salle Bank, N.A.*, 95 Cal. App. 5th 932, 949 (2023), *as modified on denial of reh'g* (Sept. 27, 2023) (stating claim preclusion "preclude[s] parties from contesting matters that they have had a full and fair opportunity to litigate . . ."). Plaintiff is not entitled to a second bite at the same apple in a different forum simply because he elected to settle rather than press all available theories in the first proceeding. The first element is therefore satisfied.

### 2.    Final Judgment on the Merits

Plaintiff further asserts that Case No. 25SC00269C is still unresolved because enforcement actions after the settlement are ongoing regarding Experian's purported non-compliance with non-monetary conditions. Plaintiff further asserts that "[u]nder California law, a judgment that is actively being contested for lack of performance does not possess the finality required to bar subsequent, broader federal claim." (ECF No. 35 at 9.) That proposition lacks authoritative support and contradicts established law.

In California, a small claims judgment is a final decision on the merits for res judicata purposes. *See Hawkins v. Bewley Allen Cadillac*, 959 F.2d 240 (9th Cir. 1992) ("In California, a small claims court judgment is final and *res judicata* and precludes future actions on the same claim or cause of action."); *Sommer*, 2019 WL 2970835, at *5 ("The finality of a small claims judgment applies equally to the doctrine of *res judicata*."); *Prentice v. Wells Fargo Bank NA*, No. 2:25-CV-01276-DJC-CKD (PS), 2025 WL 3551917, at *5 (E.D. Cal. Dec. 11, 2025) (determining that "[a] small claims court judgment was a final judgment on the merits, and is entitled to a preclusive effect");

*Halajian v. City of Fresno*, No.1:10-CV-01358-AWI-DLB, 2011 WL 720045, at *2 (E.D. Cal. Feb. 22, 2011) ("Since both cases involve the same harm to Plaintiff, the small claims court judgment poses a res judicata bar to this federal action."); *see also Pitzen*, 120 Cal. App. 4th at 1382 (finding that res judicata applies to small claims judgments).

The record confirms finality in this federal matter. Plaintiff admits that he received and accepted Experian's $3,500 settlement payment on December 18, 2025. (ECF No. 35 at 9.) The fact that Experian paid after the agreed deadline does not affect the judgment; the payment was made and accepted. Regarding Plaintiff's argument that Experian has not fully complied with the non-monetary settlement terms, the proper remedy is to enforce the settlement through methods such as a motion under the California Code of Civil Procedure § 664.6, which allows a court to "retain jurisdiction over the parties to enforce the settlement until performance in full of the terms of the settlement"—or in an action for breach of contract. What Plaintiff may not do is retain the $3,500 while simultaneously reasserting the settlement claims in federal court under new legal theories.

Plaintiff's related argument that the small claims court lacked jurisdiction to award the FCRA and UCL relief he now seeks is unavailing. The limits of small claims judgments concern the scope of relief available in that forum; they do not excuse a plaintiff from the preclusive effects of a final judgment on the merits of the same underlying claims. Therefore, the second element is satisfied.

### 3.   Identity of Parties

The third element is not genuinely disputed. Plaintiff and Experian were parties to Case Nos. 25SC00269C and 25SC04553C in small claims court, and they are parties to this action. Therefore, the third element is satisfied.

### 4.   The Post-Judgment Credit-Report Suppression Allegations

Plaintiff also argues that Experian's August 12, 2025, decision to mark his credit file as "offline" constitutes ongoing harm and creates new violations beyond the prior judgments. (ECF No. 35 at 9.) That argument is unconvincing for an additional reason: the post-judgment credit-report removal is exactly the conduct that Plaintiff presented to

25cv0814

the small claims court in Case No. 25SC04553C, which went to trial on January 28, 2026. That court found that Experian had taken the file offline on August 12, 2025, without disclosure, and awarded $200 in damages and $125 in costs to Plaintiff. Plaintiff's allegations of harm resulting from Experian's removal of his credit report have already been adjudicated to final judgment and are themselves barred by res judicata.

Because all three elements of res judicata are satisfied, Experian's motion for judgment on the pleadings is therefore **GRANTED**.

### C.    Plaintiff's Motion for Leave to Amend

Plaintiff moves under Rule 15(a)(2) and 15(d) for leave to file a Second Amended and Supplemental Complaint adding allegations regarding the post-judgment removal of his credit file and asserting claims under California Civil Code §§ 1785.10, 1785.15, and 1785.25(a). "Leave to amend may be denied if the proposed amendment is futile or would be subject to dismissal." *Wheeler v. City of Santa Clara*, 894 F.3d 1046, 1059 (9th Cir. 2018).

The proposed amendment is futile. The additional factual allegations concern the same credit report suppression allegations that were adjudicated in Case No. 25SC04553C only several months ago, and the proposed CCRAA claims rest on the same injuries that were the subject of the settlement in Case No. 25SC00269C and of the judgment in Case No. 25SC04553C. As explained above, under California law, those claims could have been raised in the prior proceedings, and they arise from the same primary rights that have now been adjudicated. Rephrasing Plaintiff's legal theories under a different state law does not revive them. *See Peterson*, 140 F.3d at 1322. Therefore, granting leave to amend would be futile because the proposed amendments would be barred by res judicata for the same reasons as the operative Complaint. Accordingly, Plaintiff's motion for leave to amend is **DENIED.**

//

//

//

-10-

25cv0814

## V.    CONCLUSION

For the foregoing reasons, the Court **GRANTS** Experian's Motion for Judgment on the Pleadings (ECF No. 29) and **DENIES** Plaintiff's Motion for Leave to File a Second Amended and Supplemental Complaint (ECF No. 33).  Judgment shall be entered in favor of Defendant Experian Information Solutions, Inc., and against Plaintiff Daniel Aragon.

**IT IS SO ORDERED.**

**DATED: April 27, 2026**

**Hon. Cynthia Bashant, Chief Judge**
**United States District Court**

25cv0814